IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARTA MICROBATTERY GMBH, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 2:21-cv-00400-JRG-RSP |
| § | (LEAD CASE) |
| AUDIO PARTNERSHIP LLC and § | |
| AUDIO PARTNERSHIP PLC d/b/a § | |
| CAMBRIDGE AUDIO, § | |
| § | |

## REPORT AND RECOMMENDATION

Before the Court, consolidated defendant EVE Energy Co., Ltd. ("EVE") moves to dismiss the complaint for want of personal jurisdiction. **Dkt. No. 24**. For the following reasons, the motion should be **DENIED**.

**I.   Background**

On March 16, 2022, Plaintiff VARTA Microbattery GmbH ("VARTA") filed suit against EVE alleging infringement of seven United States patents each generally directed to button cell batteries commonly used in small electronic devices.

**II.   Law**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Where a claim involves substantive questions of patent law, the Court applies Federal Circuit law to evaluate personal jurisdiction. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017).

Personal jurisdiction exists over a defendant where "a forum state's long-arm statute permits service of process" and where assertion of personal jurisdiction does not violate due process. *NexLearn*, 859 F.3d at 1375. "Because Texas's long-arm statute is coextensive with the

Due Process Clause of the Fourteenth Amendment, the two inquiries merge." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citations omitted).

The Due Process Clause requires that a defendant have sufficient "minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted). Accordingly, personal jurisdiction takes two forms: general and specific. Although not relevant to the instant inquiry, a district court has general jurisdiction over a defendant when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed.Cir.2000) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984)). On the other hand, a district court has specific jurisdiction when (1) the defendant purposefully directs activities at the forum's residents; (2) the claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1231 (Fed.Cir.2010).[1]

The plaintiff bears the burden of affirmatively establishing the first two elements. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351-52 (Fed. Cir. 2003). If the plaintiff meets its burden on the first two elements, the burden shift to the defendant to prove that the exercise of personal jurisdiction is unreasonable and unfair. *Elecs. for Imaging,* 340 F.3d at 1350. When the court's personal jurisdiction determination is made without a hearing, as in the present case, "a

---

[1] Personal jurisdiction may also exist under Federal Rule of Civil Procedure 4(k)(2), which "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009). However, because EVE has identified and designated Ohio as a suitable forum in which suit could have been brought, Dkt. No. 24 pp 10, 19, personal jurisdiction via Rule 4(k)(2) is foreclosed. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).

plaintiff need only to make a *prima facie* showing that [the defendant is] subject to personal jurisdiction." *Id*. at 1349. "Under the *prima facie* burden, the district court must resolve all factual disputes in the plaintiff's favor in evaluating the jurisdictional question." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (citation omitted).

Under a stream of commerce theory, what constitutes activities purposefully directed to a forum is not clearly defined. See, *e.g.*, *AFTG-TG, LLC v. Nuvoton Technology Corp.*, 686 F.3d 1358, 1362-'64, (Fed. Cir. 2012) (discussing the unresolved split left open by the Supreme Court's plurality decision in *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102 (1987)). In *Asahi*, Justice O'Conner and three others found that the mere "placement into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State," 480 U.S. at 112, whereas Justice Brennan and three others found "jurisdiction premised on the placement of a product into the stream of commerce is consistent with the Due Process Clause," *id*. at 117. Despite the more lenient requirement, Justice Brennan ultimately found that the exercise of personal jurisdiction was unreasonable and joined that portion of Justice O'Conner's opinion. *Id*. at 116.

The Federal Circuit "has declined to take a position on the requirements of a stream-of-commerce jurisdictional test because the resolution of the cases [previously before the Federal Circuit] did not require [the Federal Circuit] to do so." *Celgard*, 792 F.3d at 1382 (citing *AFTG–TG, LLC v. Nuvoton Tech. Corp.,* 689 F.3d 1358, 1364–65 (Fed.Cir.2012) (discussing cases)). Accordingly, the Federal Circuit applies its precedent in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994), interpreting Supreme Court precedents on personal jurisdiction under a stream of commerce theory. *AFTG–TG*, 689 F.3d at 1363-64.

### III. Analysis

To begin, the Court disagrees with VARTA that EVE is judicially estopped from challenging this Court's personal jurisdiction. As VARTA asserts, EVE filed a countersuit declaratory judgment action in Illinois, which was ultimately dismissed by EVE with a representation that EVE would "pursue" its non-infringement claims in this Court. *Id.* at pp 10-11. However, such an assertion alone does not disclaim or otherwise waive pursuit of available defenses, and therefore is not "plainly inconsistent" with the instant motion. *Vista Health Plan, Inc. v. United States Dep't of Health & Hum. Servs.*, 29 F.4th 210, 224 (5th Cir. 2022).

Accordingly, the Court looks for a *prima facie* showing that EVE is subject to this Court's personal jurisdiction. In its opposition, VARTA does not contend that EVE is subject to this Court's general jurisdiction. Dkt. No. 41 p 6. Thus, the instant inquiry is limited to a *prima facia* showing of specific jurisdiction.

> In pertinent part the complaint alleges that:
>
> EVE sells and/or offers for sale in the State of Texas and/or imports into the State of Texas the infringing products, including by placing such products into the stream of commerce through original equipment manufacturing (OEM) customers having established distribution channels including a network of authorized resellers operating retail facilities and internet sites with the knowledge and understanding that such products will be sold throughout the State of Texas including in this District.
>
> …
>
> On information and belief, EVE considers the United States to be a "main export country/region" in which EVE directs approximately 40% of its sales outside China including into the United States. Dun & Bradstreet Report available on EVE's website (https://en.evebattery.com), pp. 22, 24. A copy of the Dun & Bradstreet Report is attached hereto as Exhibit H.
>
> On information and belief, EVE has been and continues to be inducing direct and indirect infringement by its customers of the Patents-in-Suit. On information and belief, EVE knowingly induced direct and indirect customers to include infringing EVE batteries in product for the U.S. market. For example, EVE has been and

> continues to be inducing its direct and indirect customers, including OEM customers and their retailers, to engage in selling and offering for sale in the United States and/or importing into the United States infringing products that incorporate the EVE infringing batteries therein, such as, for example, wireless earphones.
>
> On information and belief, one or more direct and indirect customers of EVE have directly infringed, and continue to infringe, at least one claim of each of the Patents-in-Suit by using, offering to sell, and/or selling in and/or importing into the United States infringing products that incorporate the EVE batteries. Such direct and indirect customers of EVE include but are not limited to Audio Partnership LLC and/or Audio Partnership PLC d/b/a "Cambridge Audio," and retailers of the electronic devices manufactured and sold by these companies. On information and belief, Cambridge Audio manufactures and sells at least one electronic device, the "Melomania Touch" wireless earbuds, which incorporates the infringing EVE batteries. On information and belief, EVE knows that the activities by its direct and indirect customers directly infringe at least one claim of each of the Patents-in-Suit, or is willfully blind to the fact that this activity by its customers directly infringes at least one claim of each of the Patents-in-Suit.

Dkt. No. 19 ¶¶ 5, 8, 38-39. For additional support, VARTA's opposition brief provides a image from EVE's website depicting a global map indicating America, along with a host of other global locations, as part of EVE's global sales and service network.

EVE moves for dismissal arguing that their contacts with Texas are insufficient for this Court to exercise personal jurisdiction. However, the above allegations amount to a *prima facia* showing that EVE purposefully directed products into the United States and into Texas through an established distribution channel, and the downstream sale of these products gives rise to the claim of patent infringement. "Nothing more is usually required to establish specific jurisdiction" in a patent infringement suit. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (citations omitted).

The burden now shifts to EVE to show that the exercise of personal jurisdiction is unfair and unreasonable. However, EVE never attempts to make such a showing in either the motion or the reply brief.

### IV.  Conclusion

For the foregoing reasons, the **IT IS RECOMMENDED** that EVE's motion to dismiss for want of personal jurisdiction, **Dkt. No. 24**, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 22nd day of December, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE