**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VARTA MICROBATTERY GMBH.,** | |
| *Plaintiff,* | **Case No. 2:21-cv-00400-JRG-RSP** |
| v. | |
| **EVE ENERGY CO., LTD.,** | |
| *Defendant.* | |

**DEFENDANT EVE ENERGY CO., LTD.'S MOTION FOR SUPPLEMENTAL CLAIM
CONSTRUCTION**

Defendant EVE Energy Co., Ltd. ("EVE") hereby moves for supplemental claim construction on the limitation "the housing cup and the housing top are held together by a force-fitting connection," which is present in claims 14 and 23 of U.S. Patent No. 9,153,835 (the "'835 Patent"); claims 14 and 23 of U.S. Patent No. 9,496,581 (the "'581 Patent"); and claims 9, 12, and 14 of U.S. Patent No. 9,799,913.

The situation is similar to that which was presented to the Court in *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, in which a claim construction order in a related case prompted a supplemental claim construction order at the pretrial phase. *See* No. 6:18-CV-00298-JRG, 2019 U.S. Dist. LEXIS 32575, at *13 (E.D. Tex. Feb. 28, 2019) (granting a motion for supplemental claim construction and denying a parallel motion *in limine* as moot). Here, rather than being triggered by an order in a related case, the requested claim construction has been triggered by unequivocal and unambiguous statements made before the Patent Trial and Appeal Board (PTAB) by Plaintiff VARTA Microbattery GmbH ("VARTA") that were adopted by the PTAB in denying institution of certain requests for IPRs after the parties submitted their claim construction briefs and after the claim construction hearing in this case. Despite these clear and unequivocal statements, EVE is concerned that VARTA wishes to take a contrary position at trial in this case, a concern that was confirmed during the parties' meet and confer on proposed motions *in limine*. As it appears that the parties have a dispute over the construction of "the housing cup and the housing top are held together by a force-fitting connection," and because the Court, not the jury, is responsible for determining the meaning of disputed claim terms, EVE raises this issue now, in advance of the pretrial conference, and requests the Court's assistance in resolving this dispute.

"[W]hen the patentee unequivocally and unambiguously disavows a certain meaning to obtain a patent, the doctrine of prosecution history disclaimer narrows the meaning of the claim

consistent with the scope of the claim surrendered." *Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1095 (Fed. Cir. 2013). This doctrine equally applies in IPR proceedings. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017). Accordingly, "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer." *Id.* at 1362. This Court, and numerous other district courts, have applied this doctrine to narrow claim scopes in view of patentee's statements to the PTAB. *See Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, 2020 U.S. Dist. LEXIS 85561, *45-46 (E.D. Tex. May 15, 2020); *see also Nike, Inc. v. Skechers U.S.A.*, 2020 U.S. Dist. LEXIS 257711, *19-20 (C.D. Cal. Oct. 26, 2020).

In the Preliminary Response to the IPR proceeding 2022-01484 for the '835 Patent, VARTA stated:

> Petitioner in Ground 1 modifies by Kobayashi by substituting Kaun's housing. But Kaun's housing is not held together by a force-fit. It is either designed to vent and is held together in a complex spring-loaded arrangement involving a secondary housing or, in an alternative embodiment, uses an adhesive to hold the housing top and bottom together. In contrast, the challenged claims require a force-fitting connection to hold the housing cup and top together.

Bakewell Decl. at Ex. A,[1] IPR 2022-01484, Paper 8 (Patent Owner's Preliminary Response, Dec. 15, 2022), at 2.

Similarly, in the Preliminary Response to the IPR Proceeding 2022-01486 against the '581 Patent, VARTA stated:

> The '581 patent draws a distinction between prior art button cells that are closed by beading over and the inventive button cells closed by a force-fitting connection. Kobayashi and Brown, even when modified as suggested by Petitioner, are closed by beading over. In contrast, the challenged claims require a force-fitting connection to hold the housing cup and top together.

---

[1] Here and hereafter, all exhibits refer to the exhibits to the Declaration of Clark Bakewell, filed in support of the parallel motion *in limine* (Dkt. 178-1).

Ex. B, IPR 2022-01486, Paper 8 (Patent Owner's Preliminary Response, Dec. 15, 2022), at 3.

Thus, VARTA clearly and unequivocally stated that the limitation "the housing cup and the housing top are held together by a force-fitting connection" precludes any other mechanism (such as spring-loaded arrangement, adhesives, or beading over) that closes or holds together the button cell housing.

These statements are corroborated by VARTA's further statements made in the course of the IPR proceedings. VARTA repeatedly cited to patent specification language that the cup and the top are held together "in the axial direction *exclusively* by a force-fitting connection, and which do not have a beaded-over cup edge," that the "heights of the casing areas are therefore preferably chosen such that it is impossible to bend the cut edge of the cell cup around inward over the edge area of the cell top," and that the cup and top are held together "essentially *only* by static-friction force." Ex. A, IPR 2022-01484, Paper 8, at 5, 6; Ex. B, IPR 2022-01486, Paper 8, at 6, 7; Ex. C, IPR 2022-01487[2], Paper 8 (Patent Owner's Preliminary Response, Dec. 16, 2022), at 6, 7. VARTA reiterated its argument that prior art Kaun fails to disclose this limitation because the button cells of Kaun are held together by spring-loaded arrangement or adhesives, and argued "[n]either the spring-loaded secondary housing nor adhesive closure contemplated by Kaun meet the requirement that the housing cup and top be held together by a force-fit." Ex. A, IPR 2022-01484, Paper 8, at 40-41. It also reiterated its argument that the prior arts Kobayashi and Brown fail to disclose this limitation because the button cells of Kobayashi and Brown "show an arrangement closed by 'beading over' or crimping which is very different from a force-fitting connection as explained throughout the [patent-in-proceeding's] specification." Ex. B, IPR 2022-01486, Paper

---

[2] This is the IPR proceeding against the '913 Patent.

3

8, at 39; Ex. C, IPR 2022-01487, Paper 8, at 40. And as VARTA itself quoted, the patents' specifications require the cells to be held together exclusively or only through a force-fitting connection. Ex. A, IPR 2022-01484, Paper 8, at 5, 6; Ex. B, IPR 2022-01486, Paper 8, at 6, 7; Ex. C, IPR 2022-01487, Paper 8, at 6, 7.

VARTA further explained in the IPR proceedings that:

"The [patent-in-proceeding] distinguishes button cells that are held together by crimping from those held together with a force-fit… By contrast, the [patent-in-proceeding] describes a cell housing top and cup closed with a force-fit connection. When closed by a force-fit, the housing top and cup are held together by exerting radial pressure on the casing (side) area of the cup near the cut edge to hold the housing and cup together by static-friction force... Petitioner's expert concedes that Kobayashi discloses closing its cell by 'crimping.'"

Ex. A, IPR 2022-01484, Paper 8, at 53; Ex. B, IPR 2022-01486, Paper 8, at 54-55; Ex. C, IPR 2022-01487, Paper 8, at 55-56. This, again, is a clear and unmistakable argument by VARTA that the limitation "the housing cup and the housing top are held together by a force-fitting connection" precludes any other mechanism that closes or holds together the button cells.

VARTA's statements formed the basis for the Board to conclude that "without some evidence to the contrary, a battery casing whose half-parts are 'held together by' a particular condition must be a battery casing whose half-parts would no longer be held together if the condition were not present... Accordingly, whatever a 'force-fitting connection' is, a battery made in accordance with the teachings of the prior art is not a battery that is 'held together by a force-fitting connection' unless that battery would cease to be held together in the absence of the 'force-fitting connection.'" Ex. D, IPR 2022-01484, Paper 19 (order denying institution, March 14, 2023), at 12; Ex. E, IPR 2022-01486, Paper 17 (order denying institution, March 14, 2023), at 10-11; Ex. F, IPR 2022-01487, Paper 19 (denying institution, March 14, 2023), at 10-11. In other words, consistent with the patent specifications and VARTA's arguments in the IPRs, the cup and the top

are held together "in the axial direction exclusively by a force-fitting connection" or "essentially only by static-friction force." Ex. A, IPR 2022-01484, Paper 8, at 5, 6; Ex. B, IPR 2022-01486, Paper 8, at 6, 7; Ex. C, IPR 2022-01487, Paper 8, at 6, 7. The Board, partially because of this conclusion, denied institution of IPRs for all three patents involved.

Thus, since VARTA made the unequivocal and unambiguous statements that the limitation "the housing cup and the housing top are held together by a force-fitting connection" precludes any other mechanism that closes or holds together the button cells in order to maintain the patents' patentability, EVE respectfully requests that the Court construe "the housing cup and the housing top are held together by a force-fitting connection" as meaning that the housing cup and housing top are held together exclusively by a force-fitting connection and excluding any other mechanism such as a spring-loaded arrangement, adhesives, or crimping that closes or holds together the button cells. *See Aylus Networks*, 856 F.3d at 1360; *Intellectual Ventures II*, 2019 U.S. Dist. LEXIS 32575, at *13 (in view of the dispute between the parties, "the Court exercises its discretion to clarify the meaning of 'any.'").

Dated: July 18, 2023

Respectfully submitted,

*/s/ James A. Fussell, III*
Gary M. Hnath (Lead Counsel) (*Pro Hac Vice*)
James A. Fussell, III
Bryan Nese
Clark S. Bakewell
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
ghnath@mayerbrown.com
jfussell@mayerbrown.com

bnese@mayerbrown.com
cbakewell@mayerbrown.com

Hao Tan (*Pro Hac Vice*)
Shen Wang  (*Pro Hac Vice*)
Peter J. Curtin  (*Pro Hac Vice*)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
HaoTan@archlakelaw.com
ShenWang@archlakelaw.com
pete_curtin@archlakelaw.com

*Counsel for Defendant EVE  Energy Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of July, 2023, with a copy of this document via email per Local Rule CV-5(a)(3).

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the parties conferred on the relief requested herein on July 13, 2023, and counsel for VARTA indicted that VARTA would oppose the present motion.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to Local Rule CV-5(a)(7).

*/s/ Clark S. Bakewell*
Clark S. Bakewell