IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VARTA MICROBATTERY GMBH, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00400-JRG-RSP |
| | § § | (LEAD CASE) |
| AUDIO PARTNERSHIP LLC and AUDIO PARTNERSHIP PLC d/b/a CAMBRIDGE AUDIO, | § § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM ORDER

Before the Court is Defendant EVE Energy Co., Ltd.'s *Daubert* Motion to Exclude Certain Opinions of Dr. Quinn Horn (**Dkt. No. 91**).[1] Plaintiff VARTA Microbattery GmbH filed a Response (Dkt. No. 114), EVE filed a Reply (Dkt. No. 148), and VARTA filed a Sur-reply (Dkt. No. 164). The Court **GRANTS IN PART** the motion for the reasons below.

**I.    BACKGROUND**

On October 25, 2021, VARTA filed suit against Defendants Audio Partnership LLC and Audio Partnership PLC d/b/a Cambridge Audio (together, "Audio Partnership") and EVE Energy Co., Ltd. alleging that infringement of United States Patent Nos. 9,153,835 (the "'835 Patent"), 9,496,581 (the "'581 Patent"), 9,799,913 (the "'913 Patent"), 11,024,869 (the "'869 Patent"), 11,024,904 (the "'904 Patent"); and 11,024,905 (the "'905 Patent"). 2:21-CV-00400 (Audio Partnership Complaint); 2:21-CV-00399 (EVE Complaint). Audio Partnership is no longer in the case. *See* Order, Dkt. No. 45. The '835 Patent has also been dropped from the case. *See* Joint Pretrial Order, Dkt. No. 187 at 4. Now, VARTA alleges that EVE infringes the '581 Patent, the

---

[1] Unless otherwise stated, references to docket and page number correspond to those assigned through ECF.

1

'913 Patent, the '869 Patent, the '904 Patent, and the '905 Patent (collectively, the "Asserted Patents"). *Id.*

EVE obtained four opinions from outside counsel regarding patents asserted in this case—two from U.S. law firms and two from Chinese law firms. *See* Motion, Dkt. No. 91 at 4–5. EVE seeks to use those opinions to challenge VARTA's claim of willful infringement.

According to the briefing, two of the opinions, completed in mid-late 2018, contain analysis of the '581 Patent claims and conclusions that the claims are likely unpatentable based on U.S. Patent 3,748,182 ("Brown"), CN101286572 ("Higuchi"), U.S. Patent No. 4,048,397 ("Rothbauer"), and/or US20030013007 ("Kaun 1"). Those opinions also compare EVE's products to the '913 Patent claims and conclude that EVE's products do not infringe.

The briefing explains that the remaining two opinions, completed after this suit was filed, analyze the claims of the '869, '904, '905, '913 Patents and conclude that the claims would likely be invalid based on Brown, Higuchi, Rothbauer, EP 0829105 ("Okochi"), JP 2003-31266 ("Kano"), US Patent Publication 20070160901 ("Kaun 2"), Korean Publication 10-2003-0087316 ("Kwon"), U.S. Patent Publication 20080248384 ("Yabushita"), and/or German Reference DE102005058132 ("Brenner").

VARTA's infringement expert, Dr. Horn, analyzes the four different opinions of counsel and he opines that EVE was not reasonable in relying on any of them. *See* Dr. Horn Infringement Report at ¶¶ 617–621 (analyzing the first U.S. firm opinion), ¶¶ 622–624 (analyzing the second U.S. firm opinion), ¶¶ 629–634 (analyzing the third and fourth Chinese firm opinions). According to Dr. Horn, the conclusions within the opinions of counsel are incorrect because the analysis is insufficient and incorrect.

EVE moves to strike ¶¶ 617–634 of Dr. Horn's report, which contains all of his opinions regarding the reasonableness of EVE's reliance on the four opinions of outside counsel. EVE contends that those opinions (1) fail to meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), and (2) should separately be excluded under Federal Rules of Evidence 704 and 403.

The issue presented is whether Dr. Horn's criticisms of the opinions of counsel, and his conclusions that EVE was unreasonable in relying on them, are proper expert testimony.

## II. LAW

### A. *Daubert* Standard

An expert witness may provide opinion testimony if (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (b) "the testimony is based on sufficient facts or data;" (c) "the testimony is the product of reliable principles and methods;" and (d) "the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct ...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). "Vigorous cross-examination, presentation of contrary evidence, and

3

careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

### B. Willful Infringement and Opinions of Counsel

"In a case of [patent] infringement, courts 'may increase the damages up to three times the amount found or assessed.'" *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 97 (2016) (quoting 35 U.S.C. § 284). Before enhanced damages are allowed, however, the patent holder must show "that the risk [of infringement] was either known or so obvious that it should have been known to the accused infringer." *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 969 (Fed. Cir. 2018) (quoting *id*. at 101) ("*Halo* did not disturb the substantive standard for the second prong of *Seagate*, subjective willfulness"). Thus, "a case presenting 'subjective bad faith' alone could 'sufficiently … warrant [an enhanced] fee award,'" *Halo*, 579 U.S. at 105 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014)), as long as the patent infringer's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate," *id*. at 103–04.

The question of willfulness is one for the jury. *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1338 (Fed. Cir. 2018) (recognizing that the Supreme Court's decision in *Halo*, 579 U.S. 93, mandates "that willfulness is to be determined by the jury regardless of whether [the accused infringer's] defenses were objectively reasonable."); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016) ("[T]here is a right to a jury trial on the willfulness question.").

While the failure to obtain opinions of counsel cannot be used to prove willful infringement, 35 U.S.C. § 298, opinions of counsel may be helpful for an accused infringer to show it believed its actions were not infringing. *Sunoco Partners Mktg. & Terminals L.P. v. U.S.*

4

*Venture, Inc.*, 32 F.4th 1161, 1178 (Fed. Cir. 2022) ("[A]n accused infringer's reliance on an opinion of counsel regarding noninfringement or invalidity of the asserted patent remains relevant to the infringer's state of mind post-*Halo*.") (quoting *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1353 (Fed. Cir. 2019)). Notably, "[w]hile an opinion of counsel letter is an important factor in determining the willfulness of infringement, its importance does not depend upon its legal correctness." *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). But an opinion of counsel "must be competent or it is of little value in showing the good faith belief of the infringer." *Sunoco*, 32 F.4th at 1178 (quoting *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1191 (Fed. Cir. 1998)). Thus, before considering "the exculpatory value of an opinion of counsel, the legal advice contained therein must be found on the totality of the circumstances to be competent such that the client was reasonable in relying upon it." *Comark*, 156 F.3d at 1191. To be competent, "counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." *Ortho Pharm.*, 959 F.2d at 944. Notably, to assess willfulness, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 579 U.S. at 105.

### III. ANALYSIS

Does Dr. Horn offer improper opinions regarding the EVE's opinions of counsel? Yes

EVE argues that Dr. Horn's opinions should be excluded on four separate grounds: (1) he does not possess specialized legal knowledge needed to opine as to EVE's reasonable reliance on the opinions of counsel; (2) he does not apply reliable principles and methods because he criticizes the correctness of the opinions of counsel, which is not the standard; (3) he expresses improper legal conclusions because he opines EVE's reliance on the opinions of counsel was

5

unreasonable; and (4) his technical credentials improperly bolster VARTA's legal positions and should be excluded under Rule 403. Motion, Dkt. No. 91 at 3–7.

VARTA responds that Dr. Horn (1) opines on the technical merits on which the EVE legal opinions are based, (2) employs reliable principles and methods because "correctness" is part of the totality of circumstances inquiry for reasonable reliance on the opinions of counsel, (3) offers factual conclusions rather than legal ones, and (4) offers opinions with a probative value that outweighs any prejudicial effect to EVE. Response, Dkt. No. 114 at 2–8.

Both parties are partially correct, but also stretch the facts too far. In his report, Dr. Horn, analyzes each of the opinions of counsel. Dr. Horn Infringement Report at ¶¶ 617–634. Within those paragraphs are a mix of proper technical criticisms based on his technical knowledge, and improper opinions and conclusions.

First, Dr. Horn's report contains improper legal opinions. To illustrate, Dr. Horn states that he understands obviousness to require some reason to combine the references, which he contends is "plainly lacking" from at least one of the opinions. Dr. Horn Infringement Report at ¶ 624. His testimony in this manner will not "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702.

Second, Dr. Horn uses decisions from an alternate forum, the Patent Trial and Appeal Board (PTAB), to demonstrate the unreasonableness of EVE's reliance on the opinions of counsel. For example, he devotes four sequential paragraphs to explaining how EVE's reliance on the opinions of counsel is unreasonable because the PTAB denied institution of EVE's *inter partes* reviews that included references identified in the opinions of counsel. *Id.* at ¶¶ 625–628.

The test for whether it was reasonable to rely on opinions of counsel looks at the competence, not correctness, of those opinions. *Sunoco*, 32 F.4th at 1178 (quoting *Comark*, 156

F.3d at 1191); *see also Ortho Pharm.*, 959 F.2d at 944 ("counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable."). Furthermore, culpability for willful infringement "is generally measured against the knowledge of the actor at the time of the challenged conduct." *See Halo*, 579 U.S. at 105. Here, EVE obtained two opinions of counsel in 2018—three years before VARTA filed this case and four years before EVE filed any IPRs. Introducing whether IPR petitions resulted in institution is marginally relevant to the correctness of the opinions. Consequently, Dr. Horn's testimony regarding the IPRs will not be helpful to the jury. FED. R. EVID. 702.

Even if VARTA provided adequate legal authority to support its argument that the denial of institution from the PTAB could be considered by the jury, there is no question that doing so through testimony of a technical expert would be prejudicial in a manner that substantially outweighs the minimal probative value. FED. R. EVID. 403. The issue is particularly acute for the two opinions of counsel that EVE obtained in 2018. Doing so would also run afoul of Court's Standing MIL No. 6.

In sum, Dr. Horn is permitted to express his technological criticisms of the analysis contained within the opinions of counsel, but Dr. Horn *cannot* testify concerning the IPR proceedings, nor can he testify that the opinions of counsel are not competent legal opinions.

### IV. CONCLUSION

For the reasons above, the Court **GRANTS-IN-PART** the motion.

**SIGNED this 22nd day of August, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE