IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARTA MICROBATTERY GMBH, § § *Plaintiff,* § § v. § AUDIO PARTNERSHIP LLC and AUDIO § PARTNERSHIP PLC d/b/a CAMBRIDGE § AUDIO, § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00400-JRG-RSP (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is Plaintiff VARTA Microbattery GmbH's Motion to Strike and Exclude Certain Portions of the Expert Testimony of Philip W. Kline (**Dkt. No. 96**).[1] Defendant EVE Energy Co., Ltd. filed a Response (Dkt. No. 124), VARTA filed a Reply (Dkt. No. 142), and EVE filed a Sur-reply (Dkt. No. 158). The Court **GRANTS-IN-PART** the motion for the reasons below.

### I.   BACKGROUND

On October 25, 2021, VARTA filed suit against Defendants Audio Partnership LLC and Audio Partnership PLC d/b/a Cambridge Audio (together, "Audio Partnership") and EVE Energy Co., Ltd. alleging that infringement of United States Patent Nos. 9,153,835 (the "'835 Patent"), 9,496,581 (the "'581 Patent"), 9,799,913 (the "'913 Patent"), 11,024,869 (the "'869 Patent"), 11,024,904 (the "'904 Patent"), and 11,024,905 (the "'905 Patent"). 2:21-CV-00400 (Audio Partnership Complaint); 2:21-CV-00399 (EVE Complaint). Audio Partnership is no longer in the case. *See* Order, Dkt. No. 45. The '835 Patent has also been dropped from the case. *See* Joint

---

[1] Unless otherwise stated, references to docket and page number correspond to those assigned through ECF.

Pretrial Order, Dkt. No. 187 at 4. Now, VARTA alleges that EVE infringes the '581 Patent, the '913 Patent, the '869 Patent, the '904 Patent, and the '905 Patent (collectively, the "Asserted Patents"). *Id.*

Through a series of joint motions, the parties requested, and the Court extended the fact discovery deadline from April 17, 2023, to June 21, 2023. *See* Amended Docket Control Orders, Dkt. Nos. 79, 88, 90. The deadline for opening expert reports was May 1, 2023, and the deadline for rebuttal reports was May 22, 2023. Fifth Amended Docket Control Order, Dkt. No. 79 at 5.

In August 2022, VARTA served interrogatories seeking information about EVE's efforts to design around VARTA's Asserted Patents. *See* EVE's Interrogatory Responses, Dkt. No. 142-1 at 3–4 (Interrogatory No. 6). In response, EVE identified multiple documents and identified Guiping Li, EVE's director of R&D, as an individual with knowledge as to the interrogatory.

Beginning in March, VARTA sought to depose Ms. Guiping Li on April 13, 2023. Motion, Dkt. No. 96 at 5; Notice of Li Guiping, Dkt. No. 96-2 at 2. In early April, EVE notified VARTA that Ms. Li would not be available to travel to Hong Kong or Macau for deposition until June 2023. Email Correspondence, Dkt. No. 96-3 at 2.

On May 1, 2023, VARTA served the damages report of its expert, William Metzdorff. Motion, Dkt. No. 96 at 5. A few days later, EVE indicated Ms. Li would not be available for deposition until July 2023. Email Correspondence, Dkt. No. 96-5 at 2. In mid-May, EVE's damages expert, Philip W. Kline, had a conversation with Ms. Li. Kline 6/5/23 Dep. Tr., Dkt. No. 96-6 at 60:7-61:15. During the conversation, she provided cost information concerning EVE's planned redesign to a welded cup and lid design and an alternate stacked electrode design, and Mr. Kline relied on that information in his report served May 22, 2023. *Id.*; *see also* Kline

2

Damages Report, Dkt. No. 96-1 at ¶¶ 140 (Section 9.2.1), 147 (Section 9.2.2), ¶ 216, Schedule 2.2 n.2, Schedule 2.5 n.2, and Schedule 2.6 n.1. According to VARTA, on May 30, 2023, EVE's counsel stated that Mr. Li would be unavailable for deposition until August 2023. Motion, Dkt. No. 96 at 6.

On June 21, 2023, the fact discovery deadline, EVE supplemented its response to VARTA's Interrogatory No. 6 regarding EVE's redesign efforts. EVE's Interrogatory Responses, Dkt. No. 142-1 at 3–4 (Responses to Interrogatory No. 6). In its supplemental response, EVE incorporated by reference Mr. Kline's damages report and produced four additional documents. *Id.*

VARTA moves to strike part of Mr. Kline's report and exclude his opinions regarding the same for allegedly failing to satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). First, VARTA seeks to exclude any information concerning EVE redesigning the accused button cell batteries because that information was withheld from VARTA but provided to and relied upon by EVE's expert. Second, VARTA seeks to exclude Mr. Kline's opinions concerning EVE's button cell battery redesign that he obtained from his undocumented conversations with Ms. Li. Third, VARTA contends that Mr. Kline improperly opines on technical matters that are legally flawed.

**II.    LAW**

An expert witness may provide opinion testimony if (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (b) "the testimony is based on sufficient facts or data;" (c) "the testimony is the product of reliable principles and methods;" and (d) "the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct ...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). Ultimately, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015) (citation omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed," even if the facts or data themselves are not admissible. FED. R. EVID. 703. Experts may base their opinions on and share otherwise inadmissible facts or data with the jury as long as the "probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703.

Even if testimony is reliable, it may still be excluded if it relies on information that violates the rules. Rule 26(a) requires that a "party must, without awaiting a discovery request, provide to the other parties…a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in

4

its *possession, custody, or control* and may use to support its claims or defenses." FED. R. CIV. P. 26 (emphasis added). "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Since a district court has "broad discretion" in imposing a sanction pursuant to Rule 37, a district court's decision "will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013); *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 294-95, 296-97 (5th Cir. 2016) (holding that Rules 26 and 37 operate jointly to create a "federal discovery scheme" that assigns "broad discretion" to district courts with respect to "their control of timing and sanctions for noncompliance").

District courts consider four factors when determining whether to exclude expert evidence that was not timely disclosed: "(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice." *Majestic Oil, Inc.*, No. 21-20542, 2023 WL 2549892, at *3 (5th Cir. Mar. 17, 2023) (brackets in original) (quoting *Certain Underwriters*, 951 F.3d at 270). A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion. *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012) (affirming district court's exclusion of an expert's new affidavit purporting to supplement the original report with new methodology because the proffering party gave no justification for untimeliness); *Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367,

370 (5th Cir. 2014) (collecting cases affirming district court exclusions where the party offered no justification for untimeliness).

### III.   ANALYSIS

#### A. Mr. Kline Cannot Rely on Information that was Not Timely Disclosed to VARTA

First, VARTA contends that EVE did not produce any documents or information relating to EVE's button cell redesigns—including (1) the "Higuchi design," and (2) the stacked electrode design—before serving Mr. Kline's rebuttal damages report. Motion, Dkt. No. 96 at 7. VARTA argues that EVE improperly shielded the redesign information from scrutiny and then used it as a sword to attack Mr. Metzdorff's opinions. *Id.* at 8–10. According to VARTA, the appropriate remedy under the good cause test is to exclude Mr. Kline's opinions predicated on his conversation with Ms. Li and the underlyng EVE redesign information—the "quantitative royalty indicators" in Sections 9.2.1 and 9.2.2 and the royalty rate derived from the information. *Id.* at 8.

In response, EVE does not challenge the timing of its production regarding the redesign. Response, Dkt. No. 124 at 3. Instead, EVE argues that (1) the documents "were not produced earlier because the redesign process is ongoing" and (2) its production was timely in accordance with the June 21, 2023 fact discovery deadline. *Id.* (citing *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 U.S. Dist. LEXIS 202523, at *18-19 (E.D. Tex. Nov. 15, 2018)). In its sur-reply, EVE avers that Mr. Kline relied on his conversation with Ms. Li and not any documents withheld from VARTA. Sur-reply, Dkt. No. 158 at 2–3. EVE also argues that its documents regarding the redesign should not be excluded under the good cause test, even if the Court found its production untimely. Response, Dkt. No. 124 at 4–5.

> i. *The Information Mr. Kline Obtained from His Conversation with Ms. Li and The Four Documents EVE Produced in Its Supplemental Response was Untimely*

As an initial matter, the Court finds that the information Mr. Kline obtained from his conversation with Ms. Li, and then relied upon in his report, was not timely disclosed. That includes the cost information concerning EVE's planned redesign to a welded cup and lid design, and an alternate stacked electrode design. VARTA sought to depose Ms. Li as early as March, and EVE does not dispute that Ms. Li was unavailable for deposition until after the deadlines for expert reports and fact discovery. EVE's reliance on the June 21, 2023, fact discovery deadline as supporting its alleged timely production is unpersuasive.

Similarly, the four documents produced in EVE's supplemental response on June 21, 2023, but relied upon by Mr. Kline in his May 22 report, were not timely disclosed. VARTA served interrogatories seeking information regarding EVE's design-around efforts in 2022. And about a month after EVE served Mr. Kline's damages report, EVE supplemented its response, produced four documents, and incorporated parts of Mr. Kline's report into its response. EVE's Interrogatory Responses, Dkt. No. 142-1 at 3–4 (Responses to Interrogatory No. 6). This is also not a situation where the expert was the origin of the information which was not previously disclosed. That information came solely from EVE and could, and should, have been timely disclosed during discovery so that it could be explored by VARTA during discovery.

In sum, EVE relied on the information from (1) Mr. Kline's conversation with Ms. Li and (2) the four documents produced in its June 21, 2023 supplemental interrogatory response (collectively, the "Untimely Information") for *its* expert but failed to timely disclose the same information to VARTA. EVE's reliance on *Realtime Data* is misplaced because the fact discovery deadline in that case was nearly a month before the opening expert report deadline. *See Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, Dkt. No. 307 at 3–4. Here, in

contrast, the fact discovery deadline is after the opening expert report deadline. The issue is that one party and its expert had access to, and relied upon, certain information that was not timely disclosed to the other party or its expert.

## ii. *The Good Cause Factors Support Excluding the Untimely Information*

Finding that EVE's production was untimely, the Court next determines whether the Untimely Information should be excluded under Rule 37. The Court finds that it should.

The first factor weighs in favor of exclusion because EVE cannot adequately explain its failure to identify the information. EVE details its efforts since May 1, 2023 regarding depositions, expert reports, and asserts it diligently responded to numerous follow-up requests from VARTA, including requests regarding EVE's redesign. Motion, Dkt. No. 124 at 4. EVE also asserts that Ms. Li will be available to answer questions when she is legally allowed to do so. *Id.* at 3. This explanation falls short. EVE simply cannot rely on information that it cannot also timely provide to VARTA.

The second factor weighs slightly against exclusion because there are other sources for technical redesign information, but not the "quantitative royalty indicator" information that Mr. Kline obtained from Ms. Li. *See* Motion, Dkt. No. 96 at 8; Response, Dkt. No. 124 at 4.

The third factor weighs in favor of exclusion because the unequal access to the Untimely Information is undoubtedly prejudicial to VARTA.

The fourth factor also weighs in favor of exclusion because the trial date is quickly approaching and redressing the Untimely Information would be a relatively large undertaking that would require cooperation and coordination between the parties.

In sum, while VARTA's motion to strike is overinclusive, good cause factors support exclusion of the Untimely Information and opinions based on the same.

### B. There is Nothing Inherently Wrong with An Expert Relying on A Conversation with Another Witness

Second, VARTA argues that Mr. Kline's opinions concerning EVE button cell redesigns should be excluded under Federal Rules of Evidence 702 and 703. Motion, Dkt. No. 96 at 10. VARTA argues that the facts or data underlying Mr. Kline's opinions come from an undocumented hearsay conversation with Ms. Li, and VARTA has not had an opportunity to explore the details of that conversation because Ms. Li was unavailable for deposition. *Id.* at 10–11.

EVE responds that it has not refused to make Ms. Li available for deposition, and instead contends that it would be illegal for Ms. Li to testify by sworn deposition while in mainland China. Response, Dkt. No. 124 at 5. According to EVE, Ms. Li followed the necessary steps to travel to Hong Kong or Macau for a deposition, but the process has been delayed. *Id.* EVE avers that it has consistently updated VARTA regarding Ms. Li's permitting difficulties, notes that she is an important EVE witness, and maintains it has made every effort to make Ms. Li available for deposition and trial. *Id.* at 6–7. The Court notes that EVE could have disclosed Ms. Li's information timely through written discovery responses and disclosures and was not required to withhold the information pending a deposition that was repeatedly delayed.

Mr. Kline is permitted to rely on conversations with employees or fact witnesses in developing his opinions. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 U.S. Dist. LEXIS 2655, at *8 (E.D. Tex. Jan. 9, 2016) (finding an expert's reliance on conversations with employees can be explored through cross-examination but does not warrant striking his testimony). While Rules 702 and 703 are not a proper basis to exclude Mr. Kline's opinions, VARTA has shown that the usual way of dealing with the issue—deposing Mr. Kline about his conversation with Ms. Li—has been ineffective because Ms. Li was not

available until well after expert reports were submitted. As indicated above, Mr. Kline is therefore precluded from offering testimony regarding information he obtained from his conversation with Ms. Li.

### C.  Mr. Kline Does Not Offer A "Practicing the Prior Art" Statement of Law

Third, VARTA argues that Mr. Kline's opinions regarding the "Huguchi design" as a non-infringing alternative are flawed because, according to VARTA, he understands that the Higuchi design does not infringe because it "practices the prior art." Motion, Dkt. No. 96 at 11–12 (citing *In re Omeprazole Pat. Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008)). VARTA also contends that neither Mr. Kline nor Mr. Juzkow, EVE's infringement expert, compare a "Higuchi Coin Cell" to any claim of the Asserted Patents. Reply, Dkt. No. 142 at 6.

In response, EVE argues that Mr. Kline offers opinions regarding the economic consequences of a non-infringing alternative, and does not offer improper "practicing the prior art" as a defense against infringement. Response, Dkt. No. 124 at 7–8 (citing *01 Communique Lab., Inc. v. Citrix Sys.*, 889 F.3d 735, 742 (Fed. Cir. 2018)). EVE contends that Mr. Kline properly relies upon Mr. Juzkow's technical opinions indicating that EVE's "Higuchi design" does not infringe the Asserted Patents. Sur-reply, Dkt. No. 158 at 5. In addition, EVE asserts that the Mr. Kline's opinions are reliable because they are premised on the understanding that the scope of a claim must be consistent for purposes of infringement and invalidity. Response, Dkt. No. 124 at 8–9.

Here, the Court finds that Mr. Kline's opinions do not warrant exclusion. The primary support for VARTA's argument is an isolated portion of Mr. Kline's deposition testimony. During his deposition, Mr. Kline confirmed that he and Mr. Juzkow, EVE's infringement expert, did not go claim-by-claim through the Asserted Patents and compare that to the Higuchi design, but Mr. Juzkow informed Mr. Kline that he analyzed the Higuchi design and determined it does

not infringe the asserted claims. Kline 5/30/23 Dep. Tr., Dkt. No. 96-6 at 74:17–21. In addition, Mr. Kline qualified his understanding that the design was non-infringing because it was prior art by stating he is not a technical person and it may have been an inference he made based on his conversation with Mr. Juzkow. *Id.* at 74:9–12, 74:22–75:6.

In essence, Mr. Kline learned of the "Higuchi design" through conversations with Mr. Juzkow, and he relies on Mr. Juzkow's technical opinions that the Higuchi design does not infringe. Since VARTA deposed Mr. Kline and Mr. Juzkow, Mr. Kline's reliance on the conversation with Mr. Juzkow does not warrant exclusion under the Rules. *See Genband*, 2016 U.S. Dist. LEXIS 2655, at *8. Cross-examination is the appropriate mechanism for VARTA to challenge the reasonableness or correctness of Mr. Kline's opinions. *Daubert*, 509 U.S. at 596.

### IV. CONCLUSION

For the reasons above, the Court **GRANTS IN PART** the motion. Consequently, EVE cannot rely on, and Mr. Kline may not testify regarding the information from (1) Mr. Kline's conversation with Ms. Li and (2) the four documents produced in its June 21, 2023 supplemental interrogatory response.

**SIGNED this 22nd day of August, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE